IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


CLAIR LOVERIDGE,

        Petitioner,


v.                       Civil Action No. 1:06CV6
                           Criminal Action No. 1:03CR63
                              (Judge Keeley)


UNITED STATES OF AMERICA,

        Respondent.


## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORTS AND RECOMMENDATIONS


On January 6, 2006, the pro se petitioner, Clair Loveridge ("Loveridge"), filed a motion pursuant 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. Loveridge's petition sought to overturn his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Following referral to United States Magistrate Judge John S. Kaull for initial review and report and recommendation ("R&R") in accordance with Standing Order No. 4 and pursuant to Local Rule of Prisoner Litigation 83.15, Magistrate Judge Kaull filed an R&R on August 30, 2007. Loveridge objected to the R&R, and, after conducting a de novo review, on April 17, 2008, this Court adopted-in-part and vacated-in-part the R&R, and remanded the case to the Magistrate Judge for further consideration. Specifically, the Court dismissed all of

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORTS & RECOMMENDATIONS

Loveridge's claims except for those alleging ineffective assistance of counsel. It remanded those claims to the Magistrate Judge for consideration on the merits.

On June 16, 2008, the Magistrate Judge issued an R&R in which he recommended that Loveridge's motion for default filed on July 5, 2006 be denied. After that, on June 27, 2008, he issued another R&R addressing the ineffective assistance of counsel claims, in which he recommended that those claims be denied as lacking merit and that Loveridge's § 2255 petition be denied and dismissed with prejudice. Loveridge filed timely objections to both R&Rs, which the Court will review de novo.

### I. FACTS

On November 12, 2003, Loveridge was arrested at the scene of an attempted burglary at the Suncrest Pharmacy in Morgantown, West Virginia. At the time he possessed a cordless drill and several homemade explosive devices. The door to the back of the pharmacy had several holes drilled into it, and the bottom had been pried upwards. After obtaining a warrant to search Loveridge's house, the police entered and found additional explosive devices and a rifle.

Loveridge, who had several prior felony convictions, was indicted on multiple counts, including the charge of felon in

possession of a firearm to which he pled guilty and was sentenced
on August 12, 2004. At the sentencing hearing, over objections by
his defense counsel, L. Richard Walker ("Walker"), the Court
applied a specific offense characteristic pursuant to U.S.S.G.
§ 2K2.1(b)(1)(b), and increased Loveridge's base offense level by
four (4) levels because the offense involved between 8 to 24
destructive devices.

During the hearing, however, the Court sustained Loveridge's
objection to a second four-level increase pursuant to U.S.S.G.
§ 2K2.1(b)(5), concluding that although he possessed several
explosives at the time of the offense the evidence did not
establish by a preponderance that he was planning to use them to
break down the door, or that he possessed them in connection with
another felony offense. The Court then sentenced Loveridge within
his advisory guideline range to 120 months of incarceration, the
statutory maximum.

## II.  THE MOTION FOR DEFAULT

On July 5, 2006, Loveridge filed a motion for entry of
default, pursuant to Rule 55 of the Federal Rules of Civil
Procedure, asking the Court to enter default judgment against the
United States and to grant him the relief requested in his § 2255
petition. As a basis for that motion, Loveridge asserted that, in

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORTS & RECOMMENDATIONS

an order dated May 22, 2006, Magistrate Judge Kaull had directed
the United States to respond to Loveridge's § 2255 petition by
June 19, 2006.  The United States did respond, but not until ten
days later, June 29, 2006.

In his June 16, 2008 R&R, the Magistrate Judge recommended
that the Court deny Loveridge's motion for default. He acknowledged
that the United States filed its response out of time, but found
that the ten day delay did not prejudice Loveridge, and that
moreover, because Loveridge's underlying claims lacked merit,
default was inappropriate.

Loveridge filed a timely objection to this R&R, in which he
argued that the Government should be held accountable for filing
its response out of time.  He also quoted the language of Rule
55(d) of the Federal Rules of Civil Procedure, which provides that
"[a] default judgment may be entered against the United States, its
officers, or its agencies only if the claimant establishes a claim
or right to relief by evidence that satisfies the court."

This Court concurs that Loveridge suffered no prejudice due to
the government's ten day delay.  More importantly, however, it
notes that the language cited by Loveridge itself precludes entry
of default against the United States in this case.  For the reasons
stated in the Court's order adopting-in-part and vacating-in-part

ORDER ADOPTING MAGISTRATE JUDGE'S REPORTS & RECOMMENDATIONS

the first R&R, and for the reasons stated below, Loveridge has
failed to establish a right to relief in this case, and thus entry
of default is prohibited by Rule 55(d).   The Court, therefore,
**ADOPTS** Magistrate Judge Kaull's R&R on this issue (dkt. no. 32 in
1:06cv6; and dkt. no. 88 in 1:03cr63-1), and **DENIES** the motion for
entry of default (dkt. no. 7 in 1:06cv6; dkt. no. 60 in 1:03cr63-
1).

## II.  THE CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL

The remaining claims in Loveridge's § 2255 petition all relate
to his allegation of ineffective assistance of counsel against
Assistant Federal Public Defender Richard Walker. Specifically,
Loveridge alleges that Walker was ineffective because:

(a) he lacked the necessary experience to handle the case;

(b) he failed to speak to a single witness or police officer;

(c) he failed to call an explosives expert;

(d) he forged the dates on the plea agreement;

(e) he failed to object to an incorrect base offense level;

(f) he was unprepared at sentencing; and

(g) he failed to provide the petitioner with a copy of ATF
    lab reports.

ORDER ADOPTING MAGISTRATE JUDGE'S REPORTS & RECOMMENDATIONS

The Magistrate Judge addressed each of these allegations in his R&R. This Court will now take up Loveridge's objections to the R&R.

### A.   Legal Standards

In <u>Strickland v. Washington</u>,466 U.S. 668, 692 (1984), the United States Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims.  That test requires a defendant to show not only that his counsel performed deficiently, but also that the deficient performance prejudiced the defendant. <u>Id.</u>  To meet this burden, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694.  There is a "strong presumption," however, that a defense attorney's conduct, trial strategy, and tactics are within "the wide range of reasonable professional assistance," <u>id.</u> at 689, and the standard of reasonableness is highly deferential. <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 381 (1986).

In <u>Hill v. Lockhart</u>, 474 U.S. 52, 58 (1985), Supreme Court of the United States confirmed that the two-part <u>Strickland v. Washington</u> test applies to challenges to guilty pleas based on ineffective assistance of counsel.  In such circumstances, the "prejudice" requirement "focuses on whether counsel's

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORTS & RECOMMENDATIONS**

constitutionally ineffective performance affected the outcome of

the plea process." <u>Id.</u> at 59.  "In other words, in order to

satisfy the 'prejudice' requirement, the defendant must show that

there is a reasonable probability that, but for counsel's errors,

he would not have pleaded guilty and would have insisted on going

to trial." <u>Id.</u>

> **B.  Counsel Lacked Necessary Experience and was
> Unprepared at Sentencing**

Pursuant to the standards established by the Supreme Court in

<u>Strickland</u>, Magistrate Judge Kaull found that Loveridge's

allegations that Walker lacked the necessary experience to handle

the case, and was unprepared at sentencing, should be dismissed as

meritless.  He reasoned that Walker had negotiated a favorable plea

agreement for Loveridge, had filed necessary motions and

objections, had provided exhibits, and had argued competently on

Loveridge's behalf.  Moreover, after applying the test from <u>Hill v.</u>

<u>Lockhart</u>, Magistrate Judge Kaull found that Loveridge had not

established that, but for Walker's alleged inexperience and

unpreparedness at the sentencing hearing, he would not have pleaded

guilty but would have insisted on going to trial.

In his objections, Loveridge reiterates his belief that Walker

had very limited experience.  He further contends that, had he

<u>ORDER ADOPTING MAGISTRATE JUDGE'S REPORTS & RECOMMENDATIONS</u>

realized Walker was not calling an explosive's expert at
sentencing, he would not have pleaded guilty and would have instead
insisted on going to trial.

Initially, these two grounds appear to be general complaints
arising out of the more specific grounds discussed next.  A close
reading of the transcripts of the plea and sentencing hearing,
however, establishes that Walker possessed the experience necessary
to handle the case, and that, although he did not call an
explosive's expert – as discussed in detail below – he was
otherwise prepared and provided more than reasonable assistance at
that hearing.  Indeed, Walker persuaded the Court to sustain
Loveridge's objection to the proposed four-level enhancement under
U.S.S.G. § 2K2.1(b)(5).

In addition, although Loveridge asserts that, had he known
that Walker would not call an explosives expert he would not have
pled guilty and instead gone to trial, he appears to be merely
reciting the standard required under <u>Hill v. Lockhart</u>, and the
Court cannot find to a reasonable probability that this is the
case.  <u>See</u> 474 U.S. at 59.  Accordingly, the Court agrees with
Magistrate Judge Kaull that these two grounds are meritless.

ORDER ADOPTING MAGISTRATE JUDGE'S REPORTS & RECOMMENDATIONS

### C.    Counsel's Failure to Speak to Witnesses

After considering Loveridge's allegation that Walker failed to speak to a single witness or police officer, Magistrate Judge Kaull concluded that the police reports had been provided to Walker, thus eliminating the need to speak directly to the police officers, and that no other witnesses to the crime existed.  Thus, he concluded that, because Walker's judgments about interviewing witnesses should be afforded a "heavy measure of deference" under Strickland, Walker's failure to perform such interviews does not amount to ineffective assistance of counsel.  466 U.S. at 692.

Loveridge contends that, because several police officers responded to the scene, the Magistrate Judge erred in finding that there were no witnesses to the crime.  He further contends that these officers possessed exculpatory evidence that would have assisted the defense, and that it was his counsel's duty to interview these witnesses.

A review of the transcript from the sentencing hearing reveals that Loveridge informed Walker only one day before the sentencing hearing that he believed the two police officers who first responded to the scene of the crime might have exculpatory information.  Trans. p. 49.  Specifically, Walker informed the Court at the sentencing hearing that, in a meeting on the day

<u>ORDER ADOPTING MAGISTRATE JUDGE'S REPORTS & RECOMMENDATIONS</u>

before the sentencing hearing, Loveridge had informed Walker that he had had a crowbar, hammer and a towel in his possession at the time of the crime, even though these items had not been logged into evidence.   <u>Id.</u>  He further indicated that he believed that the officers who had first responded on the scene would have seen those items and could corroborate his assertions.   <u>Id.</u> at 50. Loveridge wanted Walker to interview those officers and ultimately secure testimony to this effect in order to help prove that he, Loveridge, intended to pry open the door of the pharmacy, rather then use the explosives in his possession to open it.   <u>Id.</u>

After learning about this information, Walker attempted to contact these witnesses, but one was on vacation and the other worked the night shift.   <u>Id.</u>  Thus, despite his best efforts, he was unable to interview the officers in the short time period before the sentencing hearing.   <u>Id.</u>  In a further effort to conduct such interviews, Walker moved for a continuance of the sentencing hearing, but the Court denied the motion.

Walker's assertions at the sentencing hearing clearly indicate that he had had no basis to interview the responding officers prior to his discussion with Loveridge on the day before the sentencing hearing.  In addition, once Loveridge disclosed the new information to him, Walker attempted to contact the witnesses and even

attempted to continue the sentencing hearing in order to interview
them.  Thus, Walker did everything he could in the short amount of
time he had to conduct the interviews.

More importantly however, no prejudice resulted from his
failure to do so.  The information that Loveridge suggested Walker
would have obtained from these witnesses would have gone to help
prove that Loveridge did not intend to use the explosive devises in
furtherance of the offense.  Despite not having this evidence, the
Court nevertheless agreed with Loveridge that the Government had
not established by a preponderance of the evidence that Loveridge
had intended to use the explosives in the break-in, and it
therefore sustained Loveridge's objection on that ground.
Accordingly, because Loveridge did not receive an enhanced sentence
on this ground, he suffered no prejudice as a result of Walker's
failure to interview the police officers.

### D.   Counsel's Failure to call an Explosive's Expert

Magistrate Judge Kaull next considered Walker's failure to
call an expert on explosives, who would have testified at the
sentencing hearing about whether the explosives at issue in the
case should be considered "destructive devices."  The Magistrate
Judge concluded that Walker's decision to cross-examine the
Government's witness, a State Trooper who saw the devices, rather

<u>ORDER ADOPTING MAGISTRATE JUDGE'S REPORTS & RECOMMENDATIONS</u>

than call an explosives expert to testify affirmatively about the
issue, was a decision that "primarily involve[d] trial strategy and
tactics," and thus was made for a legitimate strategic purpose, and
could be made without Loveridge's consent.  <u>U.S. v. Teague</u>, 953
F.2d 1525, 1531 (11th Cir. 1992).  Moreover, the Magistrate Judge
concluded that Loveridge had failed to show that the outcome of the
proceeding would have been different had the alleged error not
occurred.  <u>See</u> <u>Strickland</u>, 466 U.S. at 692.

In his objections, Loveridge argues that this is the primary
reason Walker was ineffective.  He contends that Trooper Fordyce,
the Government's witness whom Walker vigorously cross-examined on
this point, was not an explosives expert, had not personally
examined the explosives, and did not know their weight.  He further
argues that it is the explosive's weight that determines its
classification as a "destructive device."  He contends that Walker
should have called ATF Agent Gonzales to testify, because Gonzales
would have testified that the explosives were not "destructive
devices" and thus Loveridge would not have received the specific
offense characteristic enhancement under U.S.S.G. § 2K2.1(b)(1)(B).
Loveridge then incorrectly contends that he received an eight (8)
level enhancement on this basis, when, in fact, the increase was
four (4) levels.

ORDER ADOPTING MAGISTRATE JUDGE'S REPORTS & RECOMMENDATIONS

No basis exists to find ineffective assistance of counsel on
this ground.  Walker was fully aware of the dispute over whether
the explosives found in this case were "destructive devices," and
he objected to the application of the specific offense
characteristic on this basis in the Presentence Report.  From the
transcript from the sentencing hearing, it is obvious that Walker
approached this issue as a legal issue, rather than a factual
issue.  At the hearing, he acknowledged that the devices contained
explosives, and using case law argued that the amount of explosive
material in the devices did not reach the level necessary to
designate them "destructive devices."  Trans. P. 70.  The Court,
however, disagreed, and ruled the amount of explosive material in
the devices was immaterial, finding instead that the devices were
"bombs," and thus considered "destructive devices" under 18 U.S.C.
§ 921(a)(4).  Trans. P. 168.

As the Magistrate Judge concluded, Walker's decision not to
call an expert witness, but rather to rely on case law and his
cross-examination of the Government's witness, were strategic
decisions that were reasonable at the time.  Strickland cautions
courts reviewing ineffective assistance of counsel claims to
"eliminate the distorting effects of hindsight" and to "evaluate
the conduct from counsel's perspective" at the time.  466 U.S. at

<u>**ORDER ADOPTING MAGISTRATE JUDGE'S REPORTS & RECOMMENDATIONS**</u>

689. While calling ATF Agent Gonzalez may have been an appropriate alternative strategy, failure to do so does not amount to deficient performance, and thus the first <u>Strickland</u> prong is not met. As the Supreme Court noted, "[t]here are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." <u>Id.</u> at 690.

Walker approached Loveridge's sentencing in a way that he believed was appropriate in this case, and his decision was not "outside the wide range of professionally competent assistance." <u>Id.</u> Indeed, the mere fact that his strategy did not achieve the desired result does not constitute ineffective assistance of counsel. Accordingly, the Court adopts the Magistrate Judge's recommendation as to this basis for Loveridge's claim.

**E.   Counsel's "Forgery" of Dates on the Plea Agreement**

In response to Loveridge's assertion that Walker forged the dates on his plea agreement, the Magistrate Judge found that not only has Loveridge failed to present any evidence that the date on the plea agreement was forged, but he also concluded that, even if it had been, there is no reasonable probability to believe that Loveridge would not have signed the plea agreement and instead insisted on going to trial.

ORDER ADOPTING MAGISTRATE JUDGE'S REPORTS & RECOMMENDATIONS

Loveridge objects to the R&R's recommendation on this ground, but his objection does not present a cognizable legal or factual basis for this Court to reject the Magistrate Judge's findings. Rather, Loveridge's objection simply states that he was a fool for listening to and trusting Walker.

The Court's de novo review of the record reveals that, at the plea hearing on April 27, 2004, Loveridge stated that he understood the terms of the plea agreement and wanted to go forward with the plea. Trans. P. 32. The Court then found that he had knowingly and voluntarily entered into the plea agreement with the government. Trans. p. 47. Accordingly, Magistrate Judge Kaull correctly concluded that this ground for ineffective assistance of counsel lacked merit, as there is positively no indication that the alleged deficient performance prejudiced Loveridge. See Strickland, 466 U.S. at 692.

**F.  Counsel's Failure to Object to Incorrect Base
       Offense Level**

In the R&R, Magistrate Judge Kaull found that Walker, in fact, objected to the base offense level used by the Court, and thus this basis for ineffective assistance of counsel is factually without merit. Loveridge concedes that Walker did make such objections, but states that he failed to object to the issue of the destructive

devices.  He contends that, had Walker objected, the Court might
have adopted the correct base offense level.

Once again, Loveridge's objections are baseless.  The record
indicates that Walker strongly objected to the characterization of
the explosive devices as destructive devices under the statute.
The fact that the Court overruled his objections provides no basis
to support a claim of ineffective assistance of counsel.  The
Court, therefore, adopts the Magistrate Judge's R&R on this ground
as well.

### G.  Counsel's Failure to Provide a Copy of ATF Lab Reports

Finally, when analyzing whether Loveridge received ineffective
assistance of counsel based on Walker's alleged failure to provide
him with a copy of the ATF lab reports, the Magistrate Judge
concluded that, even if such failure had occurred, Loveridge
suffered no prejudice because the lab reports provided no
information about whether the explosives at issue were "destructive
devices" under the law.  Moreover, he found that Loveridge had not
established that, in the absence of this alleged error, he would
have gone to trial.  <u>See</u> <u>Hill v. Lockhart</u>, 474 U.S. at 59.

Loveridge acknowledges in his objection that he did see one
ATF report.  He then merely re-argues his position that Walker

ORDER ADOPTING MAGISTRATE JUDGE'S REPORTS & RECOMMENDATIONS

should have called an expert witness from the ATF lab and solicited testimony as to whether the devices involved in the case actually were "destructive devices."

Because Loveridge's objection on this point does not relate to the issue of whether he was provided with all the ATF reports and does not refute the Magistrate Judge's basis for denying his petition on that ground, the Court concurs with Magistrate Judge Kaull's conclusion that Loveridge's ineffective assistance of counsel claim on this ground is meritless. Moreover, Loveridge has failed to establish that Walker's alleged failure to show him the ATF reports prejudiced his defense in any way. See Strickland, 466 U.S. at 692.

### III.   CONCLUSION

For the reasons discussed, the Court **ADOPTS** the Magistrate Judge's two R&Rs in their entirety (Civ. No. 1:06cv6, dkt. nos. 32 & 34; Crim. No. 1:03cr63, dkt. nos. 88 & 90), **DENIES** Loveridge's Motion for Entry of Default (Civ. No. 1:06cv6, dkt. no. 7; Crim. No. 1:03cr63-1, dkt. no. 60) and **DISMISSES WITH PREJUDICE** Loveridge's § 2255 petition to vacate, set aside or correct his sentence (Civ. No. 1:06cv6, dkt. no. 1; Crim. No. 1:03cr63, dkt. no. 55).

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORTS & RECOMMENDATIONS**

It is so **ORDERED**.

The Court directs the Clerk to transmit a copy of this order to counsel of record, and the <u>pro</u> <u>se</u> petitioner, certified mail, return receipt requested.

DATED: February 5, 2009.


                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE